IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WORDLOGIC CORPORATION and<br>602531 BRITISH COLUMBIA LTD.<br><br>                              Plaintiffs,<br>    vs.<br><br>FLEKSY, INC.<br><br>                              Defendant. | Case No.: 16-cv-11714<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs WordLogic Corporation and ("WordLogic") and 602531 British Columbia Ltd. ("602531"), by and through their undersigned attorneys, for their complaint against Defendant Fleksy, Inc. ("Fleksy"), hereby allege as follows:

### NATURE OF LAWSUIT

1.      This action involves claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1338(a).

### THE PARTIES

2.      Plaintiff WordLogic Corporation is a Nevada corporation with a principal place of business at 1130 West Pender Street, Suite 230, Vancouver, British Columbia V6E 4A4, Canada, and an office at Three First National Plaza, 70 West Madison St., Suite 1400, Chicago Illinois 60602.  Plaintiff WordLogic is the parent company of Plaintiff 602531

British Columbia Ltd., the owner of the patents asserted in this action, and produces products covered by the patents

3. Plaintiff 602531 British Columbia Ltd. is a Canadian limited liability company with a principal place of business at 1130 West Pender Street, Suite 230, Vancouver, British Columbia V6E 4A4, Canada. Plaintiff 602531 British Columbia Ltd. is a wholly owned subsidiary of WordLogic, and the assignee of United States Patent Nos. 7,681,124 and 8,552,984.

4. Defendant Fleksy, Inc. is a Delaware corporation with its principal place of business at 300 Brannan Street, Suite 605, San Francisco, California 94107. Defendant Fleksy sells and offers for sale products in this judicial district and throughout the State of Illinois that infringe claims of the asserted patents.

5. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

## ALLEGATIONS COMMON TO ALL COUNTS

6. Plaintiff 602531 British Columbia Ltd. owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 7,681,124 ("the '124 patent"), entitled "Data Entry for Personal Computing Devices," issued on March 16, 2010. A copy of the '124 patent is attached as Exhibit 1.

7. Plaintiff 602531 British Columbia Ltd. owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 8,552,984 ("the '984 patent"), entitled "Method, System, Apparatus and Computer-Readable Media for Directing Input Associated with Keyboard-Type Device," issued on October 8, 2013. A copy of the '984 patent is attached as Exhibit 2.

2

8. WordLogic is a global leader and innovator in the field of predictive text input technology for computerized devices. Predictive text input technology typically comprises software and/or computer code executed on personal computers, websites, handheld tablets, smart phones and other touch screen devices that assists the user in entering text and data on personal computers, websites, handheld tablets, smart phones and other touch screen devices.

9. WordLogic has been developing predictive text input technology since the late 1990's. WordLogic's technology has been developed, utilized and licensed for use on a wide variety of devices and applications including PC's, smart phones, tablets, web sites, media players, navigational systems and game consoles.

10. WordLogic's technology has been recognized as a leader in the field, including the 2014 North American Enabling Technology Leadership Award for Predictive Keyboard Applications.

11. WordLogic's predictive keyboard application called iKnowU® is a contextually aware predictive keyboard that makes typing easier, faster and more accurate for mobile users. The application predicts what the user is about to type and helps complete the sentence with reduced effort. The application predicts the next most likely letters, words and phrases, which significantly reduces the number of keystrokes needed to complete the text. WordLogic's iKnowU® application is covered by claims of the '124 and '984 patents asserted in this action, as well as other WordLogic patents.

12. Defendant Fleksy is a direct competitor of WordLogic. Defendant Fleksy makes and distributes a predictive keyboard application that directly competes with WordLogic's iKnowU® keyboard application.

## COUNT I

## DIRECT INFRINGEMENT OF THE '124 PATENT

13. Plaintiffs incorporate by reference the allegations of Paragraphs 1-12.

14. Fleksy has directly infringed at least claim 19 of the '124 patent, as well as other claims of the '124 patent, through, among other activities, making, using, selling and/or offering for sale the Fleksy predictive keyboard with the "Predictions" extension.

15. The Fleksy predictive keyboard includes a "Predictions" extension that, when installed, provides as-you-type suggestions for completing words.

16. With the "Predictions" extension installed, the Fleksy predictive keyboard displays a plurality of completion candidates in a search list based on a partial text entry.

17. With the "Predictions" extension installed, the Fleksy predictive keyboard allows for selection of a particular completion candidate, which modifies the display of the partial text entry to corresponded to the particular completion candidate selected.

18. With the "Predictions" extension installed, the Fleksy predictive keyboard allows for modification of the partial text entry, and then displays a modified list of completion candidates.

19. With the "Predictions" extension installed, the Fleksy predictive keyboard allows for further modification of the partial text entry, and then displays a further modified list of completion candidates.

20. Fleksy has been and is currently committing these acts of infringement without license or authorization from Plaintiffs, and such acts of infringement are likely to continue unless enjoined by the Court.

21. As a direct and proximate consequence of Fleksy's infringing acts, Plaintiffs have suffered and will continue to suffer damages in an amount not yet determined.

22. As a direct and proximate consequence of Fleksy's infringing acts, Plaintiffs have suffered and will continue to suffer irreparable injury in the form of lost sales, customers and market, for which there is no adequate remedy at law.

## COUNT II

### DIRECT INFRINGEMENT OF THE '984 PATENT

23. Plaintiffs incorporate by reference the allegations of Paragraphs 1-22.

24. Fleksy has directly infringed at least claim 1 of the '984 patent, as well as other claims of the '984 patent, through, among other activities, making, using, selling and/or offering for sale the Fleksy predictive keyboard.

25. The Fleksy predictive keyboard redirects key input from an application in which text is being entered to the keyboard application itself when a particular key is held for a predetermined amount of time, and then redirects key input back to the original application upon selection of a second key.

26. Fleksy has been and is currently committing these acts of infringement without license or authorization from Plaintiffs, and such acts of infringement are likely to continue unless enjoined by the Court.

27. As a direct and proximate consequence of Fleksy's infringing acts, Plaintiffs have suffered and will continue to suffer damages in an amount not yet determined.

28. As a direct and proximate consequence of Fleksy's infringing acts, Plaintiffs have suffered and will continue to suffer irreparable injury in the form of lost sales, customers and market, for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ask this Court to enter judgment against Fleksy, and against their subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A. An award of damages adequate to compensate Plaintiffs for the infringement that has occurred, together with prejudgment interest from the date that Defendant's infringement of the Plaintiffs' patents began;

B. Increased damages as permitted under 35 U.S.C. § 284;

C. A finding that this case is exceptional and an award to Plaintiffs of their attorneys' fees and costs as provided by 35 U.S.C. § 285;

D. A permanent injunction prohibiting further infringement of the asserted patents; and

E. Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues presented in this Complaint.

Dated: December 29, 2016

Respectfully submitted,

 /s/ Anthony E. Dowell
Anthony E. Dowell
aedowell@dowellip.com
DOWELL IP
333 W. North Ave #341
Chicago, Illinois 60610
Phone: (312) 291-8351

**ATTORNEY FOR PLAINTIFFS
WORDLOGIC CORPORATION and
602531 BRITISH COLUMBIA LTD.**