# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| WORDLOGIC CORPORATION and<br>602531 BRITISH COLUMBIA, LTD., | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | Case No. 16 CV 11714 |
| FLEKSY, INC. | )<br>) | Judge Joan H. Lefkow |
| Defendant. | )<br>) | |

## OPINION AND ORDER

WordLogic Corporation and 602531 British Columbia, Ltd. filed suit against Fleksy, Inc., alleging infringement of U.S. Patent No. 7,681,124 (the '124 patent) and U.S. Patent No. 8,552,984 (the '984 patent). Fleksy has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). (Dkt. 11.) For the reasons stated below, the motion is denied.[1]

## BACKGROUND[2]

Since the late 1990s, WordLogic has been developing predictive text input technology. (Dkt. 1 ¶ 9.) One of WordLogic's products is iKnowU, a predictive keyboard application used with mobile devices. (*Id.* ¶ 11.) Based on the letters a user is typing, iKnowU predicts the next most likely letters, words, and phrases, allowing the user to complete the text she wishes to enter on the mobile device using fewer keystrokes. (*Id.*) iKnowU is covered by claims in the '124 and '984 patents. (*Id.*) 602531 British Columbia, a wholly owned subsidiary of WordLogic, is

---

[1] The court has jurisdiction under 28 U.S.C. § 1338(a). Venue is proper under 28 U.S.C. § 1391(b).

[2] Unless otherwise noted, the following facts are taken from plaintiff's complaint and are presumed true for the purpose of resolving the pending motion. *Active Disposal, Inc.* v. *City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011) (citation omitted).

the assignee of those patents. (Dkt. 1 ¶ 3.)

Fleksy[3] also makes and distributes a predictive keyboard application. (*Id.* ¶ 12.) The keyboard application includes an extension called "Predictions." (*Id.* ¶ 15.) When Predictions is installed, it provides a user with suggestions to complete the text she is typing. Plaintiffs allege that this constitutes infringement of claim 19 of the '124 patent and claim 1 of the '984 patent. Fleksy has moved to dismiss, arguing that plaintiffs have not stated a claim and that the '124 patent is invalid and unenforceable because it is directed to an abstract idea that is not eligible for patent protection under 35 U.S.C. § 101.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state a claim on which relief may be granted. In ruling on such a motion, the court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor *Active Disposal, Inc.* v. *City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011) (citation omitted). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also establish that the requested relief is plausible on its face. *See Ashcroft* v. *Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The allegations in the complaint must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. At the same time, the plaintiff need not plead legal theories; it is the facts that count. *Hatmaker* v. *Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010); *see also Johnson* v. *City of Shelby*, 574 U.S. ----, 135 S. Ct. 346, 346, 190 L. Ed. 2d 309 (2014) (per curiam) ("Federal pleading rules call for 'a short and plain statement of the claim

---

[3] Defendant's briefing refers to "Flesky." The court refers to defendant as Fleksy, as that is the name of the entity plaintiffs sued.

showing the pleader is entitled to relief'; they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." (citations omitted)). Because subject matter eligibility is a question of law, *See In re Bilski*, 545 F.3d 943, 951 (Fed. Cir. 2008), the issue may be decided on a motion to dismiss. *See, e.g.*, *Content Extraction and Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1348 (Fed. Cir. 2014).

## ANALYSIS

### I. Plaintiffs Have Sufficiently Pleaded Their Claims

Fleksy first argues that plaintiffs have not sufficiently pleaded each limitation of the allegedly infringing claims. The court addresses each in turn.[4]

Claim 19 of the '124 patent recites

19. A computer-readable medium comprising codes for directing a processing unit to process text entered into a personal computing device, by:
   (a) receiving and displaying a partial text entry, comprising receiving at least part of the partial text entry via a keyboard, the partial text entry comprising at least a first character;
   (b) in response to receipt of the first character of the partial text entry, obtaining a plurality of completion candidates from among a group of completion candidates, wherein each of the plurality of completion candidates includes a portion matching the partial text entry;
   (c) displaying the plurality of completion candidates in a search list within a graphical user interface;
   (d) detecting user input corresponding to selection of a particular completion candidate from among the plurality of completion candidates displayed in the search list;

---

[4] The parties argue extensively over whether element-by-element specificity is required to plead patent infringement. District courts in this circuit are divided. *Compare Atlas IP, LLC* v. *City of Naperville*, No. 15 C 10744, 2016 WL 3907029, at *3 (N.D. Ill. July 19, 2016) ("Applying the ordinary analysis of *Twombly/Iqbal*, [a patent holder] must plead that every limitation, or equivalent thereof, in the representative claim can plausibly be found in an accused product.") *with Niazi* v. *Pressure Prod. Med. Supplies, Inc.*, No. 16-C-670, 2017 WL 108114, at *2 (W.D. Wis. Jan. 11, 2017) ("[T]here are too many fair reasons why a plaintiff might be unable or justifiably reluctant to put that level of detail in the complaint, so this court will not require it."). Because the court finds that plaintiffs have sufficiently pleaded claims even under the higher standard, it need not wade into the discussion.

3

> (e) modifying the display of the partial text entry to correspond to the particular completion candidate selected from among the plurality of completion candidates at least while the particular completion candidate remains selected;
> (f) detecting modification of the partial text entry by the user via the keyboard;
> (g) obtaining and displaying in the search list a modified plurality of completion candidates from among the group of completion candidates, if the partial text entry is modified via the keyboard, wherein each of the modified plurality of completion candidates includes a portion matching the partial text entry; and
> (h) obtaining and displaying in the search list a further modified plurality of completion candidates from among the group of completion candidates, if a completion candidate is accepted via the search list from the modified plurality of completion candidates, wherein each of the further modified plurality of completion candidates includes a portion matching the accepted completion candidate.

(Dkt. 1-1 Col. 39:41–Col. 40:11.)

Fleksy argues that plaintiffs have not pleaded all limitations of section (h). Plaintiffs allege that, "[w]ith the 'Predictions' extension installed, the Fleksy predictive keyboard allows for further modification of the partial text entry, and then displays a further modified list of completion candidates." (Dkt. 1 ¶ 19.) Fleksy argues that the court cannot infer that "each of Flesky's [*sic*] further modified completion candidates includes a portion matching the accepted completion candidate." (Dkt. 16 at 2.)

The '124 patent is directed to predictive text entry. It is reasonable to infer that a completion candidate, which attempts to complete partially entered text, must include a portion matching the text a user has entered. When a user modifies the entered text, the logical inference is that a list of modified completion candidates, which likewise seek to complete partially entered text, must include a portion matching the modified text. Accordingly, plaintiffs have satisfied their pleading burden with respect to the '124 patent.

Claim 1 of the '984 patent recites

> 1. A computer-implemented method of processing a stream of input key events associated with user input received from a keyboard-type device, the keyboard-type device selected from at least one of a keyboard and a keypad, the method comprising:
> (a) receiving input key events associated with a first process active within an operating system;
> (b) monitoring the input key events for a first predefined input key event associated with user selection of a first key of the keyboard-type device for at least a predetermined time period;
> (c) in response to identifying the first predefined input key event, redirecting the input key events from the first process to a second process wherein redirecting the input key events to the second process comprises providing representations of further keyboard events to the second process, but not to the first process, for processing;
> (d) monitoring the input key events for a second predefined input key event associated with further redirection of the input key events; and
> (e) in response to identifying the second predefined input key event, redirecting the input key events from the second process to another process.

(Dkt. 1-2 Col. 28:38–61.)

Here, Fleksy attacks section (c). Plaintiffs allege that "[t]he Fleksy predictive keyboard redirects key input from an application in which text is being entered to the keyboard application itself when a particular key is held for a predetermined amount of time, and then redirects key input back to the original application upon selection of a second key." (Dkt. 1 ¶ 25.) Fleksy argues that the court cannot infer that "upon redirection of input key events to the second process, Flesky [*sic*] provides representations of further keyboard events to the second process, but not to the first process, for processing." (Dkt. 11 at 2.) Fleksy seems to argue that the complaint fails because it does not explicitly state that when input key events are being directed to the Fleksy keyboard application, they are not being directed to the original application. The complaint, however, states that the input key events are not directed, but rather, redirected to the keyboard application. When something is redirected, the logical inference is that it does not go to

5

its original destination. Therefore, plaintiffs have satisfied their pleading burden with respect to the '984 patent.

While plaintiffs bear the burden of establishing that Fleksy's predictive keyboard infringes the '124 and '984 patents, it has successfully pleaded as much. Fleksy's motion to dismiss for failure to state a claim is denied.

## II. Fleksy Has Not Established that the '124 Patent Is Directed to an Abstract Idea

Fleksy next argues that claim 19 of the '124 patent is directed to a patent-ineligible abstract idea: "listing word completion candidates based on partial information." (Dkt. 11 at 4.) Section 101 of the Patent Act defines the subject matter eligible for patent protection. This section provides that "[w]hoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 101. The Supreme Court has long held that there are implicit exceptions to this provision: "Laws of nature, natural phenomena, and abstract ideas are not patentable." *Alice Corp. Pty.* v. *CLS Bank Int'l*, --- U.S. ---, 134 S. Ct. 2347, 2354, 189 L. Ed. 2d 296 (2014) (quoting *Ass'n for Molecular Pathology* v. *Myriad Genetics, Inc.*, 569 U.S. ---, 133 S. Ct. 2107, 2116, 186 L. Ed. 2d 124 (2013)).

*Alice* applied the framework set forth in *Mayo Collaborative Servs.* v. *Prometheus Laboratories, Inc.*, 566 U.S. 66, 132 S. Ct. 1289, 182 L. Ed. 2d 321 (2012), "for distinguishing patents that claim laws of nature, natural phenomena, and abstract ideas from those that claim patent-eligible applications of those concepts," *Alice*, 134 S. Ct. at 2355, to the question of patentability of a computer system and program code configured to carry out a method for intermediated settlement of financial transactions. As described in *Alice*, a court "must first

6

determine whether the claims at issue are directed to a patent-ineligible concept." *Id.* If the patent is directed at a law of nature, natural phenomena, or abstract idea, the court must next consider whether the claims contain an "inventive concept" that "transform[s] the nature of the claim" into patent-eligible subject matter. *Id.* at 2357.

"The abstract ideas category embodies the longstanding rule that an idea of itself is not patentable." *Alice*, 134 S. Ct. at 2355 (citations and brackets omitted). "[W]ell-understood, routine, conventional activit[ies]" applying a law of nature are not patentable. *Mayo*, 132 S. Ct. at 1298. Further, "tying an abstract idea to a general purpose computer or to the Internet, without more, is generally insufficient to make an abstract idea patentable." *In re TLI Commc'ns LLC Patent Litig.*, 87 F. Supp. 3d 773, 784 (E.D. Va. 2015) (citing *Ultramercial, Inc.* v. *Hulu, LLC*, 772 F.3d 709, 715–17 (Fed. Cir. 2014)). But where a claim is focused on improving computer capabilities instead of merely using computers as a tool, the claim is not directed to an abstract idea. *See Enfish, LLC* v. *Microsoft Corporation*, 822 F.3d 1327, 1335 (Fed. Cir. 2016).

Fleksy argues that claim 19 is directed to the abstract idea of listing word completion candidates based on partial information, analogizing the claim to the games Hangman and Wheel of Fortune. Plaintiffs counter that Fleksy uses too high a level of abstraction. Plaintiffs' argument is persuasive. The Federal Circuit has "treated analyzing information by steps people go through in their minds, . . . without more, as essentially mental processes within the abstract-idea category." *Elec. Power Grp., LLC* v. *Alstom S.A.*, 830 F.3d 1350, 1354 (Fed. Cir. 2016) (collecting cases). But claim 19 does not automate a mental process previously practiced by humans. The court sees no reasonable scenario in which a mobile device user would type the first letter of a word she wishes to enter, then consult a list of possible completion candidates, then return to entering the text, for she would already know what her intended text was.

Accordingly, Fleksy's analogies fail.

Plaintiffs argue instead that claim 19 addresses deficiencies of prior text entry systems by decreasing the time required to enter text into a mobile device. Therefore, according to plaintiffs, claim 19 focuses on an "improvement in computer capabilities . . . [not] on a process that qualifies as an 'abstract idea' for which computers are invoked merely as a tool." *Enfish*, 822 F.3d at 1335–36. Fleksy argues that only the user's experience of the mobile device, but not the functioning of the mobile device itself, is improved. But it later states that, in fact, "[v]irtually any mobile app on a smartphone improves the function of the 'personal computer device,'" essentially conceding the argument. (Dkt. 21 at 9.) Fleksy proceeds to describe a keyboard featuring emoticons, which, according to it, also improves computer function by allowing a user to "express emotions quicker than without using a bunch of words." (Dkt. 21 at 9.) Even if the court infers that Fleksy is arguing that a keyboard featuring emoticons is not patent eligible, it makes no effort to explain why.

Traditionally, a mobile device user would have to use a key stroke for each letter of the text she wished to enter (an activity that does not exist outside of the realm of computers). The court recognizes that entering specific text is necessary to operate a mobile device. If less time is required to enter text, then less time is required to operate the device. Plaintiffs argue, therefore, that claim 19 improves the operation of the device. *See Enfish*, 822 F.3d at 1335 ("Software can make non-abstract improvements to computer technology just as hardware improvements can . . . ."). Fleksy offers no compelling rebuttal.[5] Accordingly, at this early stage of the

---

[5] In its reply, Fleksy liberally quotes from *Intellectual Ventures I LLC* v. *Capital One Financial Corp.*, 805 F.3d 1332 (Fed. Cir. 2017). There, the Federal Circuit, reviewing a summary judgment decision, held that a claim for a system and method for editing XML documents was directed to the abstract idea of "collecting, displaying, and manipulating data." *Id.* at 1340. Fleksy argues that claim 19 is

proceedings, Fleksy has not met its burden to show that claim 19 is directed to an abstract idea.

**ORDER**

Accordingly, defendant's motion to dismiss (dkt. 9) is denied. A status hearing is scheduled for November 28, 2017, at 11:00 a.m.

Date: November 7, 2017

_____
U.S. District Judge Joan H. Lefkow

---

likewise directed to collecting, displaying, and manipulating data. But *Intellectual Ventures* is quickly distinguishable, as that patent did not improve the functioning of a computer.