Anthony Dowell
aedowell@dowellip.com
DOWELL IP
333 W. North Ave #341
Chicago, Illinois  60610
Phone:  (773) 687-9886

Attorneys for Plaintiffs
WORDLOGIC CORPORATION and
602531 BRITISH COLUMBIA LTD.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORDLOGIC CORPORATION, et al., | Case Number: 4:17-cv-07169-JSW |
| Plaintiffs, | **OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS UNDER RULE 11 AND PLAINTIFF'S REQUEST FOR ATTORNEY FEES** |
| v. | |
| FLEKSY, INC., | |
| Defendant. | Judge Jeffrey S. White |
| | June 1, 2018 at 9:00 a.m. |
| | Courtroom 5, 2nd Floor |

**OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS
UNDER RULE 11 AND PLAINTIFF'S REQUEST FOR ATTORNEY FEES**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SUMMARY OF ARGUMENT

Fleksy has not met its burden of showing by clear and convincing evidence that counsel for WordLogic failed to conduct a reasonable pre-filing inquiry.  Fleksy cannot meet this burden because Fleksy has provided <u>no evidence</u> regarding WordLogic's counsel's prefiling investigation.  Fleksy has not conducted discovery on WordLogic's prefiling investigation, nor even asked counsel whether it conducted a prefiling investigation.  Instead, Fleksy simply argues its own interpretation of certain elements of the claims of the asserted patents, and concludes that <u>any other interpretation of the claims must be sanctionable</u>.  That is, of course, not the law.

An attorney may not be sanctioned if the attorney conducted a reasonable prefiling investigation.  <u>In re Keegan Mgt. Co., Securities Litig.</u>, 78 F.3d 431, 434 (9th Cir. 1996).  As set forth in the Affidavit of Anthony Dowell, counsel for WordLogic obtained and analyzed the accused Fleksy virtual keyboard, and determined that the product infringed claim 19 of United States Patent No. 7,681,124 ("the '124 patent") and claim 1 of United States Patent No. 8,552,984 ("the '984 patent").  Nothing more is required to satisfy Rule 11.

As this Court well knows, the meaning and scope of the claims of a patent is almost always disputed in a patent case.  Fleksy has cited no case law, and can cite no case law, that would support sanctioning a party under Rule 11 over the party's reasonable interpretation of its patent claims.

Given that Fleksy has presented no evidence that WordLogic failed to conduct a reasonable prefiling investigation, Fleksy's motion for sanctions is baseless, and must be denied.  If found to be the prevailing party, WordLogic is entitled to recovery of its expenses and attorney fees in defending this baseless motion.  Fed. R. Civ. P. 11(c)(2).

**OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS**
**UNDER RULE 11 AND PLAINTIFF'S REQUEST FOR ATTORNEY FEES**

I.      STATEMENT OF ISSUES TO BE DECIDED

        A.      Whether Fleksy has shown by clear and convincing evidence that counsel for WordLogic failed to conduct a reasonable prefiling investigation before alleging that Fleksy infringed claims of WordLogic's patents; and

        B.      If not, whether WordLogic is entitled to an award of its reasonable expenses and attorney fees as the prevailing party.

II.     STATEMENT OF FACTS

        A.      **Allegations of WordLogic's Complaint for Patent Infringement**

        WordLogic filed this action on December 29, 2016.  In its Complaint for Patent Infringement (Doc. 1), WordLogic specifically identified the Fleksy product accused of infringement and a claim from each of the asserted patents alleged to be infringed.  With respect to the '124 patent (Count I), WordLogic alleged that "the Fleksy keyboard with the 'Predictions' extension" infringed claim 19 of the '124 patent.  Complaint at ¶ 14.  With respect to the '984 patent (Count II), WordLogic alleged that "the Fleksy predictive keyboard" infringed claim 1 of the '984 patent.  Id. at ¶ 24.  With respect to each allegation, WordLogic also alleged the specific features and functionality that met the specific claim elements of the asserted claim of each patent.

        For Count I alleging infringement claim 19 of the '124 patent, WordLogic specifically alleged that the Fleksy predictive keyboard (with the "Predictions" extension installed):

                1)      provides as-you-type suggestions for completing words based on a partial text entry, id. at ¶¶ 15-16;

                2)      allows for selection of a particular completion candidate, which modifies the display of the partial text entry to correspond to the particular completion candidate selected, id. at ¶ 17;

1

**OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS UNDER RULE 11 AND PLAINTIFF'S REQUEST FOR ATTORNEY FEES**

3)    allows for modification of the partial text entry, and then displays a modified list of completion candidates, id. at ¶ 18;

4)    and allows for further modification of the partial text entry, and then displays a further modified list of completion candidates, id. at ¶ 19.

For Count II alleging infringement of the '984 patent, WordLogic alleged that the Fleksy predictive keyboard redirected key input from an application in which text is being entered to the keyboard application itself when a particular key is held for a predetermined amount of time, and then redirected the key input back to the original application upon selection of a second key.  Id. at ¶ 25.

**B.     Fleksy's Unsuccessful Motion to Dismiss**

On February 3, 2017, Fleksy moved to dismiss WordLogic's complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that "Plaintiff's allegations do not allow this Court to reasonably infer that the accused product satisfies key claim elements in the representative claims."  Doc. 11 at 2.  The transferor Court disagreed, and denied Fleksy's motion.

With respect to Count I, the Court held:

> The '124 patent is directed to predictive text entry. It is reasonable to infer that a completion candidate, which attempts to complete partially entered text, must include a portion matching the text a user has entered.  When a user modifies the entered text, the logical inference is that a list of modified completion candidates, which likewise seek to complete partially entered text, must include a portion matching the modified text.  Accordingly, plaintiffs have satisfied their pleading burden with respect to the '124 patent.

Opinion and Order at 4 (Doc. 30).  Thus, the Court found that WordLogic had met its pleading burden, and clearly alleged how and why Fleksy's product infringed claim 19 of the '124 patent.

With respect to Count II, the Court held:

2

**OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS**
**UNDER RULE 11 AND PLAINTIFF'S REQUEST FOR ATTORNEY FEES**

> Fleksy seems to argue that the complaint fails because it does not explicitly state that when input key events are being directed to the Fleksy keyboard application, they are not being directed to the original application. The complaint, however, states that the input key events are not directed, but rather, redirected to the keyboard application. When something is redirected, the logical inference is that it does not go to its original destination. Therefore, plaintiffs have satisfied their pleading burden with respect to the '984 patent.

Again, the Court found that WordLogic had met its pleading burden, and clearly alleged how and why Fleksy's product infringed claim 1 of the '984 patent.

### C. WordLogic's Prefiling Investigation

As set forth in the Affidavit of Anthony Dowell, WordLogic's counsel obtained the Fleksy predictive keyboard on December 27, 2016, and compared the elements of claim 19 of the '124 patent and claim 1 of the '984 patent to the operation of the Fleksy predictive keyboard. Dowell Affidavit at ¶¶ 2-5.  Mr. Dowell determined that there was a reasonable basis for finding that Fleksy's predictive keyboard infringed claim 19 of the '124 patent and claim 1 of the '984 patent.

With respect to claim 19 of the '124 patent, Mr. Dowell determined that the Fleksy predictive keyboard, with the "Predictions" extension installed," contained functionality that met all elements of claim 19.  <u>Id.</u> at ¶ 6.  Similarly, Mr. Dowell determined that the functionality of the Fleksy predictive keyboard met all elements of claim 1 of the '984 patent.  Accordingly, Mr. Dowell applied the claims of the asserted patents to the accused Fleksy predictive keyboard and concluded that there was a reasonable basis for finding infringement of the patents.

### III. LEGAL STANDARDS

Rule 11 requires that an attorney sign and submit pleadings only after "an inquiry reasonable under the circumstances" that:

3

**OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS**
**UNDER RULE 11 AND PLAINTIFF'S REQUEST FOR ATTORNEY FEES**

(1) [the pleading] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  If an attorney violates Rule 11, the Court may impose sanctions.  Fed. R. Civ. P. 11(c)(1).

An attorney may not be sanctioned if the attorney conducted a reasonable prefiling inquiry.  In re Keegan Mgt. Co., Securities Litig., 78 F.3d 431, 434 (9th Cir. 1996) ("An attorney may not be sanctioned for a complaint that is not well-founded, so long as she conducted a reasonable inquiry.").  "The party seeking sanctions bears the burden of demonstrating by clear and convincing evidence that sanctions are justified."  Eon-Net LP v. Flagstar Bancorp, 249 Fed. Appx. 189, 195 (Fed. Cir. 2007) (emphasis added) (unpublished), aff'd sub nom. Eon-Net LP v. Flagstar Bancorp, 653 F.3d 1314 (Fed. Cir. 2011) (citing In re Zilog, Inc., 450 F.3d 996, 1007 (9th Cir. 2006)).

In a patent case, "Rule 11, we think, must be interpreted to require the law firm to, at a bare minimum, apply the claims of each and every patent that is being brought into the lawsuit to an accused device and conclude that there is a reasonable basis for a finding of infringement of at least one claim of each patent so asserted."  View Engr., Inc. v. Robotic Vision Sys., Inc., 208

4

**OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS UNDER RULE 11 AND PLAINTIFF'S REQUEST FOR ATTORNEY FEES**

F.3d 981, 986 (Fed. Cir. 2000).  "The presence of an infringement analysis plays the key role in

determining the reasonableness of the pre-filing inquiry made in a patent infringement case

under Rule 11."  Id.

   When deciding a motion for sanctions under Rule 11, "[i]f warranted, the court may

award to the prevailing party the reasonable expenses, including attorneys, incurred in the

motion."  Fed. R. Civ. P. 11(c)(2) (emphasis added).  "A party defending a Rule 11 motion need

not comply with the separate document and safe harbor provisions when counter-requesting

sanctions."  Patelco Credit Union v. Sahni, 262 F.3d 897, 913 (9th Cir. 2001).

## IV.   ARGUMENT

### A.   Fleksy Has Presented No Evidence That WordLogic's Counsel Failed to Conduct a Reasonable Prefiling Investigation

   Fleksy has presented no evidence concerning WordLogic's Counsel's prefiling

investigation.  Instead, Fleksy argues its own interpretation of the asserted claims, and assumes

that any other interpretation of the claims is not only incorrect, but sanctionable.

   For claim 19 of the '124 patent, Fleksy argues that element (h) of the claim requires

"multi-level search lists."  Motion for Sanctions at 4.  Fleksy finds this suggested limitation in

the specification of the '124 patent, and attempts to read the limitation into the claim.  In addition

to improperly attempting to limit the scope of the claims based on the specification, Fleksy's

argument is premature, and must be heard at a Markman hearing.  If the meaning of this claim

element is at issue, as Fleksy tacitly admits, Fleksy's interpretation is certainly not the only

reasonable interpretation.

   Similarly, for claim 1 of the '984 patent, Fleksy relies on the prosecution history to

attempt to limit the claim term "redirecting the input key events."  Motion for Sanctions at 8.

5

**OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS**
**UNDER RULE 11 AND PLAINTIFF'S REQUEST FOR ATTORNEY FEES**

Although Fleksy's argument is unclear, Fleksy is again making a premature argument to interpret the claims. Fleksy has presented no evidence of WordLogic's interpretation of the claim element because, of course, we are not yet at the claim interpretation stage of the case.

Having presented no evidence of WordLogic's prefiling investigation, let alone <u>clear and convincing evidence</u> that WordLogic failed to conduct a reasonable prefiling investigation, Fleksy's premature motion for Rule 11 sanctions must fail.

### B.     WordLogic's Counsel Conducted a Reasonable Prefiling Investigation

As set forth in the Affidavit of Anthony Dowell, counsel for WordLogic obtained the accused Fleksy predictive keyboard prior to filing suit, reviewed the products and determined that all elements of the asserted claims were present in the accused product. Even if ultimately incorrect, nothing more is required to satisfy Rule 11. <u>In re Keegan Mgt. Co., Securities Litig.</u>, 78 F.3d 431, 434 (9th Cir. 1996) ("An attorney may not be sanctioned for a complaint that is not well-founded, so long as she conducted a reasonable inquiry.").

Notably, Fleksy has not cited a single case to support awarding Rule 11 sanctions on facts similar to this case. Courts have typically found Rule 11 violations in patent cases only where a patentee alleges infringement without reviewing the alleged infringers products. In <u>View Engineering</u>, for example, the Federal Circuit affirmed Rule 11 sanctions where the only basis for alleging infringement was the patentee's "belief" that certain devices "probably infringed" based on advertising and statements to customers. 208 F.3d at 985. No such facts exist in this case, and Fleksy can provide no legal support for the sanctions it seeks.

**OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS**
**UNDER RULE 11 AND PLAINTIFF'S REQUEST FOR ATTORNEY FEES**

**C.     WordLogic is Entitled to an Award of Attorney Fees and Expenses in Defending Fleksy's Baseless Motion for Rule 11 Sanctions**

As noted above, "if warranted, the court may award to the prevailing party the reasonable expenses, including attorneys, incurred in the motion."  Fed. R. Civ. P. 11(c)(2).  Further, WordLogic need not have complied with the Rule 11 safe harbor provisions in order to recover its attorney fees and expenses in defending this motion.  <u>Patelco Credit Union</u>, 262 F.3d at 913.  "Thus, where a party's motion for Rule 11 sanctions is not well grounded in fact or law, or is filed for an improper purpose, a court my find itself in the position of imposing Rule 11 sanctions on the moving party and/or her attorney."  <u>Safe-Strap Co., Inc. v. Koala Corp.</u>, 270 F. Supp. 2d 407, 421 (S.D.N.Y. 2003) (quoting Georgene M. Vairo, Rule 11 Sanctions: Case Law Perspectives And Preventive Measures § 4.01[c][3][F] (2d ed. Supp.1994)).

Fleksy's motion is baseless and premature.  Fleksy had no evidence to support that WordLogic failed to conduct a prefiling investigation, and cited no case law in support of its claims.  Fleksy's motion is based entirely on its own flawed interpretation of the claims, and the assumption that all other interpretations must be not only incorrect, but sanctionable.  Further, Fleksy filed its Rule 11 motion after being warned by the Court that it had little chance of success at this stage of the proceedings.

WordLogic has been burdened by Fleksy's reckless and premature filing of this Rule 11 motion, and is entitled to recover its reasonable attorney fees and expenses in defending this motion.

7

**OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS**
**UNDER RULE 11 AND PLAINTIFF'S REQUEST FOR ATTORNEY FEES**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## V.   CONCLUSION

For the reasons set forth above, WordLogic requests that the Court deny Fleksy's motion for sanctions and award to WordLogic its reasonable attorney fees and expenses as the prevailing party pursuant to Fed. R. Civ. P. 11(c)(2)

Dated:  April 6, 2018                                  Respectfully submitted,

                                                          /s/ Anthony E. Dowell
                                                         Anthony E. Dowell
                                                         aedowell@dowellip.com
                                                         DOWELL IP
                                                         333 W. North Ave #341
                                                         Chicago, Illinois 60610
                                                         Phone: (312) 291-8351

                                                         **ATTORNEY FOR PLAINTIFFS
                                                         WORDLOGIC CORPORATION and
                                                         602531 BRITISH COLUMBIA LTD.**

**OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS
UNDER RULE 11 AND PLAINTIFF'S REQUEST FOR ATTORNEY FEES**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

The undersigned, an attorney of record in this case, hereby confirms that on today's date, I filed the foregoing OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS UNDER RULE 11 AND PLAINTIFF'S REQUEST FOR ATTORNEY FEES via the Court's ECF filing system, whereupon all counsel of record were served via electronic mail.

Date:  **April 6, 2018**                    /s/ Anthony E. Dowell

**OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS
UNDER RULE 11 AND PLAINTIFF'S REQUEST FOR ATTORNEY FEES**